Filed 9/14/15  Housing Reform Coalition of Los Angeles CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| HOUSING REFORM COALITION OF LOS ANGELES, et al., | B258591 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BS141012) |
| v. | |
| CITY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Luis A. Lavin, Judge.  Affirmed.

Rosario Perry for Plaintiffs and Appellants Housing Reform Coalition of Los Angeles, Jason Teague and Niesja Sharp.

Michael N. Feuer, City Attorney and Gregory P. Orland, Senior Counsel, for Respondent City of Los Angeles.

## INTRODUCTION

This appeal arises from denial of a motion for class certification brought by the Housing Reform Coalition of Los Angeles ("HRCLA"), Jason Teague, and Niesja Sharp (hereafter collectively "appellants"). As we explain, in their reply brief, appellants conceded that they did not present sufficient evidence to meet the requirements for class certification.[1] Instead, they ask this court to remand the case "in order to allow Appellants to present the proper evidence for class certification." In light of appellants' abandonment of the merits of their appeal, we present only a brief factual and procedural history and do not address the issues presented in the briefs regarding denial of class certification. In light of the abandonment of the appeal, we affirm the denial of class certification. In this opinion, we consider the propriety of appellants' request for remand. We conclude that remand is contrary to precedent and deny the request.

## FACTUAL AND PROCEDURAL HISTORY

### A. Appellants' Petition

All residential rental properties with two or more dwelling units within the City of Los Angeles (the City) are subject to regular inspections, or inspection in response to complaints. (L.A. Mun. Code, § 161.351.) The City imposes an annual fee of $43.32 per unit subject to inspection to finance inspections and enforcement by the City Housing and

---

[1] At oral argument, counsel for appellants attempted to recant his concession of the merits of the appeal in his reply brief. He had not informed counsel for respondents of this change of heart. We conclude that appellants are bound by the concession and decline to reach the arguments on the merits raised in appellants' opening brief. (See *Casey v. Overhead Door Corp.* (1999) 74 Cal.App.4th 112, 124-125, overruled on a different ground in *Jimenez v. Superior Court* (2002) 29 Cal.4th 473, 484 [at trial, admission by counsel for plaintiffs that they could not prove up a cause of action in tort is binding on appeal]; *Masters v. San Bernardino County Employees Retirement Assn.* (1995) 32 Cal.App.4th 30, 50-51 [appellant who conceded at trial court that her complaint contained no cause of action for violation of procedural due process is bound by that concession on appeal, and appellate court will not consider the claim for violation of procedural due process].)

Community Investment Department under the Systematic Code Enforcement Program (Los Angeles Municipal Code, § 161.352, hereafter "SCEP"). A landlord may pass through this fee by collecting a rental surcharge from a tenant in the amount of one-twelfth per month of the annual SCEP fee. (L.A. Mun. Code, § 151.05.1D.)[2]

In January 2013, appellants filed a class petition for writ of mandate, and complaint for declaratory and injunctive relief against the City of Los Angeles, challenging the constitutionality of the SCEP fee. They alleged that the SCEP fee is an illegal tax in violation of California Constitution, article XIIIC, section 2 because it had not been approved by voters. They also alleged that the City collected SCEP fees in excess of the reasonable cost of inspections. Appellant Teague was identified as a landlord who had not been able to pass through SCEP fees to his tenants. Sharp was identified as a tenant who had paid such fees passed on by her landlord. HRLCA was described as a nonprofit public benefit corporation whose members consist of housing providers and tenants throughout Los Angeles who had paid SCEP fees.

B. *Class Certification Motion*

Appellants filed a motion for class certification, supported by declarations from counsel, Teague, and Sharp. They also requested that the court take judicial notice of various documents including relevant municipal code provisions. Respondent opposed the motion. After appellants filed a reply, the trial court continued the hearing on its own motion and ordered additional briefing, supported by evidence, to satisfy the requirements for class certification. The court reminded counsel for appellants of their burden of proof, listing the elements required for class certification. Appellants filed two supplemental memoranda on the class certification issue, but did not submit additional evidence. Respondent filed a supplemental opposition.

---

[2] Apparently the trial court took judicial notice of relevant portions of the Los Angeles Municipal Code as requested by appellants in support of their motion for class certification. Respondent also asked the court to take judicial notice of a portion of the same municipal code provisions.

The trial court denied class certification on the ground that appellants had failed to produce evidence to satisfy the requirements for class certification. This timely appeal followed.

## DISCUSSION

### A. Abandonment of Appeal

Appellants and respondent filed briefs on appeal addressing the merits of the class certification issue. In their reply brief, appellants conceded that they "did not present proper and adequate evidence to meet the requirements of class certification." No additional arguments on the merits of the class certification issue were made.

When a party abandons an issue on appeal by conceding that it has no merit, we need not discuss that issue. (*Fleming v. Superior Court* (2010) 191 Cal.App.4th 73, 99 [concession of point is effective abandonment of issue]; *Gonzalez v. Autoliv ASP, Inc.* (2007) 154 Cal.App.4th 780, 794 [concession and consent to dismissal of cause of action constitutes abandonment of theory]; *Sehulster Tunnels/Pre-Con v. Traylor Brothers, Inc./Obayashi Corp.* (2003) 111 Cal.App.4th 1328, 1345, fn. 16 [abandonment of basis for liability is equivalent to a concession and court need not address merits of the issue].)

Here, appellants concede that they failed to present sufficient evidence to meet the requirements of class certification, thereby abandoning their appeal. We therefore do not address the merits of that issue. Because there is no remaining challenge to the order denying certification, we shall affirm it.

### B. Request for Remand

Instead of pursuing the merits of the class certification on appeal, in their reply brief, appellants request remand to the trial court to allow them to present "proper evidence for class certification," which they claim is available. They contend that the statute of limitations for challenging the SCEP fee has passed, making this action the only vehicle for relief from the fee. No authority is cited for the proposition that the statute of limitations bars any new challenge to the SCEP fee. We deem an argument made without citation to authority or evidence forfeited. (*Saltonstall v. City of Sacramento* (2014) 231 Cal.App.4th 837, 858, fn. 10.)

4

*Safaie v. Jacuzzi Whirlpool Bath, Inc.* (2011) 192 Cal.App.4th 1160 (*Safaie*), is instructive. In that case, the trial court initially certified a class action alleging fraudulent advertising of certain whirlpool bathtubs in violation of the unfair competition and false advertising laws (Bus. & Prof. Code, §§ 17200 et seq., 17500 et seq.). After the standing requirements for bringing a claim under the unfair competition law were amended by Proposition 64 in 2004, the defendant moved to decertify the class. The trial court granted the motion and the Court of Appeal affirmed. (*Id*. at pp. 1165-1166.) The appellate opinion became final when no petition for review was filed and remittitur issued. (*Id*. at p. 1166.)

Subsequently the California Supreme Court determined that while a named class representative must establish reliance, causation, and injury to bring an action for unfair competition, absent class members were not required to make such a showing. (*In re Tobacco II Cases* (2009) 46 Cal.4th 298, 312-329 [*Tobacco II*].) Safaie moved for recertification of the class based on the *Tobacco II* decision. Jacuzzi argued the trial court lacked jurisdiction to reopen the class certification issue after the decertification order was affirmed on appeal. (*Safaie*, *supra*, 192 Cal.App.4th at p. 1167.)

The *Safaie* court concluded that the issue of class certification could not be reopened after the opinion affirming decertification was final. It noted that an order denying class certification or decertifying a class is an appealable order. (*Safaie*, *supra*, 192 Cal.App.4th at p. 1168.) *Safaie* characterized the motion to recertify the class as "essentially a request to reconsider the court's prior order based on asserted new law." (*Id*. at p. 1169.) It held that a party is not allowed to bring a renewed motion for class certification after a court has issued a final order denying certification. (*Ibid*, citing *Stephen v. Enterprise Rent-A-Car of San Francisco* (1991) 235 Cal.App.3d 806, 811 (*Stephen*).)

In *Stephen*, the court denied a motion for class certification based on insufficient evidence supporting necessary class elements. There was no appeal and the order became final. (*Stephen*, *supra*, 253 Cal.App.3d at pp. 809-810.) Four months later, based on a claim of new facts, the plaintiff brought a second motion for class

certification, which was denied as untimely.  The Court of Appeal affirmed denial of the second motion, concluding that a party has no right to bring a second motion to certify a class after the court has denied an earlier motion to certify and the time for appeal has passed.  (*Id*. at p. 814.)  It also held that this bar cannot be circumvented by resort to a motion for reconsideration brought under Code of Civil Procedure section 1008: "Otherwise, the disposition of the action would only be as to the particular state of facts presented when the prior motion was denied.  New appealable orders could result each time new facts were offered.  This would pose an intolerable expansion of the right to appeal. . . ."  (*Id*. at p. 817.)

The *Safaie* court found the rationale of the *Stephen* court persuasive, concluding that the logic applies regardless whether a plaintiff appeals the initial ruling.  (*Safaie*, *supra*, 192 Cal.App.4th at p. 1172.)  It noted that trial courts are required to grant liberal continuances to ensure that a plaintiff has the opportunity to make a complete record before ruling on a class certification motion.  (*Id.* at p. 1171.)  The trial court here did just that, continuing the hearing on the certification motion to allow appellants additional time to present evidence and briefing.  The court in *Safaie* reasoned that if certification is denied, a plaintiff has a right to immediate appellate review and a written ruling on disputed issues by the Court of Appeal, followed by a petition for review to the California Supreme Court if warranted.  (*Ibid.*)  It concluded that this special right to immediate review "has a necessary ramification: once the appellate period has passed or once the appellate court has affirmed the order and a remittitur has issued, the order is final and plaintiff is bound by the final decertification decision. [Citations.]  Permitting a party to circumvent the binding nature of a final decertification order would allow continuous renewal motions and repetitive appeals, prolonging the uncertainty in the litigation and creating unnecessary expense to the parties and the court.  These consequences are inconsistent with the finality principles fundamental to our judicial system."  (*Ibid.*)  The court rejected Safaie's argument that *Stephen* is distinguishable because Safaie's motion for recertification was based on a change in the law.  The Court of Appeal held that the "rationale underlying the bar to successive class certification motions--that the plaintiff

6

does not have a second opportunity to litigate the class issue once it obtains a final ruling--governs regardless of the reasons motivating the second certification motion." (*Id.* at p. 1173, citing *Stephen*, *supra*, 235 Cal.App.3d at pp. 811-816.)

Although our case arises in a peculiar procedural posture, we conclude that the rationale of *Stephen*, *supra*, 235 Cal.App.3d 806 and *Safaie*, *supra*, 192 Cal.App.4th 1160 applies. Here appellants filed a timely appeal from the order denying class certification. But in their reply brief, they conceded that the trial court's ruling was correct and effectively abandoned the appeal. We therefore affirm the order denying certification. In light of appellants' concession and abandonment of this appeal on the merits, our case stands in a similar procedural posture to *Stephen*, *supra*, 235 Cal.App.3d 806, where the plaintiff did not appeal from the denial of the class certification motion. There is no remaining appellate challenge to the trial court's denial of certification. Having abandoned their appeal on the merits of certification, appellants cannot now return to the trial court to renew the motion.

## DISPOSITION

The order denying class certification is affirmed. Appellants' request for remand to file another motion to certify the class is denied. Respondents are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


WILLHITE, Acting P. J.


MANELLA, J.


7